**John Kuntz, Plaintiff in Error, v. Chicago Consolidated Traction Company, Defendant in Error.**

**Gen. No. 16,247.**

1. CONTRIBUTORY NEGLIGENCE—*when not question of law.* Unless the court can say that all reasonable minds would agree that the conduct of plaintiff under the circumstances in evidence was a failure on his part to exercise due care for his own safety then the question of contributory negligence is one of fact to be left to the determination of the jury.

2. NEGLIGENCE—*operation of traction car.* Held, under the evidence, that it was for the jury to determine whether or not the conduct of those operating the street car in approaching the street crossing in question on a dark evening without ringing any bell or sounding any warning, was negligence which proximately caused the accident in question.

Action in case for personal injuries. Error to the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed and remanded. Opinion filed March 28, 1912.

G. P. SAYERS, for plaintiff in error; F. WM. KRAFT, of counsel.

JOHN A. ROSE and FRANK L. KRIETE, for defendant in error; W. W. GURLEY, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is an action on the case brought by John Kuntz,

Kuntz v. Chicago Consolidated Trac. Co., 168 Ill. App. 566.

hereafter called the plaintiff, against the Chicago Consolidated Traction Company, hereafter called the defendant, claiming damages for injuries said to have been sustained through one of the cars belonging to defendant striking plaintiff.

The accident occurred between five and six o'clock on the evening of January 2, 1904, at the intersection of Chicago and Euclid avenues, in the village of Oak Park, Cook county. Plaintiff was 54 years old, and for three years before this time had been working as a private coachman for a Mr. Rogers, whose barn is on Euclid avenue 300 or 400 feet north of Chicago avenue, and plaintiff had been accustomed during this time to cross the street car tracks on Chicago avenue at that point about once or twice a day. At this point on Chicago avenue are two street car tracks. On the north track the cars come from the east, while on the south track the cars come from the west. On the evening in question plaintiff drove his horse and bob-sled south on Euclid towards Chicago avenue, and he says: "I drove up and looked for the *cars*." He says that when about 100 or 200 feet from the tracks "I looked for the car and one passed from the east to the west, and then I know the car crosses there usually, so I looked for the car from the west and then none come and I didn't hear no bell or nothing, so I went on." When plaintiff was on the tracks, very nearly across the north track, a car coming from the east, with headlight lighted but with no bell ringing, struck the side of the sled, thereby injuring plaintiff.

At the conclusion of plaintiff's case, counsel for defendant moved the court to instruct the jury to find the defendant not guilty, which motion was allowed and the jury so instructed and judgment entered on the verdict.

One circumstance at least distinguishes this case from the circumstances found in the cases cited by counsel for defendant. Here there is evidence tending

to show that the plaintiff, before he drove upon the track, looked for a car coming from the east and, seeing one pass, and from his observation of the usual intervals between cars in that suburb, was thereby led to believe that no other car from the east would approach before he could cross the tracks; then looking for any car which might be approaching from the west, and seeing none and hearing no bell or gong from any direction, he evidently concluded that he was entirely safe in attempting to cross the tracks.

We do not believe it can be said that all reasonable minds would agree that such conduct by the plaintiff was a failure on his part to exercise due care for his own safety, or constituted negligence which contributed to the accident.

We also think that it was for the jury to determine whether or not the conduct of those operating the street car in approaching the street crossing in question, on a dark evening, without ringing any bell or sounding any warning, was negligence which proximately caused the accident in question.

We think the case should have been submitted to the jury, and that the court below erred in instructing the jury as was done. The judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*